[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION
This matter was tried before James Healey, State Trial Referee, who on May 13, 1992, filed his Memorandum of Decision, rendering a judgment on behalf of the plaintiffs. Thereafter, the defendants filed an appeal to the Appellate Court on June 4, 1992, and the plaintiff filed her cross appeal on June 15, 1992. On September 3, 1992, the defendant filed a Motion for Articulation pursuant to Practice Book 4051. Before the filing of the Motion for Articulation, the Honorable James Healey took ill, was hospitalized and died on November 19, 1992. Judge Healey did not have an opportunity to respond to the Motion for Articulation, and the matter was referred to the undersigned. The undersigned is aware that 4051 calls for the "trial judge" to rule on the motion. There is some language in that section which does say that "the decision of the trial court shall be determined by the CT Page 2304 judge of the trial court once the appeal is taken or the reservation is made.", which might contemplate the instant situation. Regardless, given the present situation, and finding no authority to the contrary and confident that a decision on this motion is not in and of itself grounds for an appeal, State v. Holloway, 22 Conn. App. 265, 273, the court will rule on the instant motion. Furthermore, if the movant feels aggrieved by the decision, they can seek review of it under Practice Book 4054.
The defendant first asks at what point in time the plaintiff earned her commission with respects to the four lots enumerated. It is clear from reading the opinion of Judge Healey that he determined that the plaintiff was discharged as of January 13, 1988, and as of that date, the plaintiff earned her commission relative to those four lots. Judge Healey indicated that as to Lot #95, although the plaintiff did obtain a buyer that it was sold to a different buyer in April of that year. As to Lot #80, Judge Healey found that on or about that time, January 13, 1988, that the house was complete except for some finished flooring and that lot was closed in March of 1988. Lot #23 was closed as of March 1988, and Lot #20 went to contract on June 10, 1987, and was closed on January 29, 1988 (See Memorandum of Decision, p. 5 and 6).
The defendants in their second question, ask that the court articulate all facts on which it based its legal conclusion that the plaintiff was employed as an on-site residential superintendent. Judge Healey in his opinion, on page 3, indicated that there was a written contract dated May 21, 1986, which obligated the plaintiff to supervise the construction, hiring and firing of sub-contractors and to supervise the construction and sale of the houses for the defendant. Judge Healey indicated on page 2 of his opinion that the plaintiff "actively participated in supervising construction." On page 4 of his decision, he states that the plaintiff was engaged in "supervision on a daily basis." It is obvious that Judge Healey relied on those facts in reaching the conclusion that the plaintiff was employed as an "on-site residential superintendent."
Finally, the defendant asks the court to point out where in the testimony or the exhibits the court relied on its statement that the plaintiff was "living in a home in the development." The undersigned has not reviewed the entire transcript, nor do I feel that this is necessary. I note in the plaintiff's post-trial brief, page 30, that it was the plaintiff's claim that Mrs. CT Page 2305 Anderson lived 50 feet from the subdivision. 20-329(a) does not seem to require that the plaintiff actually reside in the development to qualify as an "on-site residential superintendent". Therefore, whether Judge Healey was incorrect in stating that she lived in a home in the development and or meant that she lived very close to the development is unconsequential in light of his finding that she was "engaged in supervision on a daily basis", which apparently is the basis upon which he found that she was "an on-site residential superintendent."
The court does not feel that the opinion of Judge Healey was unclear or ambiguous. Therefore, the court will deny the defendant's motion to articulate. State v. Wilson, 199 Conn. 417, 435.
PELLEGRINO, J.